# Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF Spartanburg ) | |
| ) | |
| Glenda Belue and William Kruger, ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | 2007 - CP - 42 - 3349 |
| vs. ) | |
| ) | |
| Norfolk Southern Corporation, ) | |
| Defendant(s) ) | |

| (Please Print) | SC Bar #: | 5162 |
|---|---|---|
| Submitted By: Albert V. Smith | Telephone #: | 864-585-8174 |
| Address: 410 Magnolia Street, PO Box 5866 | Fax #: | 864-573-6843 |
| Spartanburg, SC  29304 | Other: | |
| | E-mail: | |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | Survival Action | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Other (399) | ☐ Building Code Violation (460) |
| | | | ☒ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Other (699) | |

Submitting Party Signature: _/s/ Albert V. Smith_    Date: September 24, 2007

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY
Florence, Horry, Lexington, Richland, Greenville**, and Anderson**
** Contact Respective County Clerk of Court for modified ADR Program Rules

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Cases which are appellate in nature such as appeals or writs of certiorari;

    c. Post Conviction relief matters;

    d. Contempt of Court proceedings;

    e. Forfeiture proceedings brought by the State;

    f. Cases involving mortgage foreclosures; and

    g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

Received via Fed Ex
to Roger A. Petersen
[signature]
9-28-07

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | (Jury Trial Requested) |
| COUNTY OF SPARTANBURG | ) | |
| | ) | |
| Glenda Belue and William Kruger, | ) | |
| | ) | **SUMMONS** |
| | ) | |
| | ) | C.A.#: 07-CP-42-3349 |
| Plaintiffs, | ) | |
| -vs- | ) | |
| | ) | |
| Norfolk Southern Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

SEP 27 2007 [stamp: NORFOLK]

2007 SEP 24 P 3:29 [stamp: GREENVILLE COUNTY SHERIFF'S OFFICE CIVIL DIVISION]

**TO THE DEFENDANT ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiff or his/her attorney at Post Office Box 5866, 410 Magnolia Street, Spartanburg, South Carolina 29304, within thirty (30) days after the date of service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

ALBERT V. SMITH, P.A.

_____
Albert V. Smith
Attorney for Plaintiff
410 Magnolia Street
P.O. Box 5866
Spartanburg, SC  29304
(864)585-8174

September 24, 2007

Spartanburg, South Carolina

Received via ~~Fed Ex~~
to Roger A. Petersen

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | (JURY TRIAL REQUESTED) |
| COUNTY OF SPARTANBURG ) | |

Glenda Belue and William Kruger,)
)
)
          Plaintiff,  )    **COMPLAINT**
)
vs.  )    C.A. No.: 2007-CP-42-3349
)
Norfolk Southern Corporation, )
)
)
         Defendants.    )

SEP 27 2007
NORFOLK

The Plaintiffs allege:

1. That they are citizens and residents of the County of Spartanburg, state of South Carolina.

2. That the Defendant corporation, upon information and belief, is organized pursuant to the laws of one of the states of the union and does business in Spartanburg County, South Carolina, and was so doing so at all times herein mentioned.

3. That this matter is being brought pursuant to South Carolina statutory and common law.

### FOR A SEOND CAUSE OF ACTION
### Negligence

4. That the allegations contained in the first cause are adopted, merged and incorporated herein.

5. That on or about September 24, 2004, the Defendant corporation,

1

through its' employees, agents and servants, acting within the course and scope of their employment, was operating one of its freightrains in a northerly direction on part of its railroad tracks located in Pacolet, South Carolina when the Norfolk Southern engines teetered off the railroad track and plowed across the ground and, therefore, causing about twenty to sixty-nine cars to derail and one or several of these cars ended up invading the property of the Plaintiff herein, thereby, causing damage to certain real and personal property.

6. That the Defendant corporation either violated the Federal Railroad Safety Act or in the alternative, the common law negligent act fro the state of South Carolina in the following particulars, to wit:

a. In failing to maintain a proper technical system for its switching devices at the spurge line located in this area;

b. In failing to have the switching device in the proper position for this train as it came through;

c. In failing to warn the approaching train that the switching device was in an improper position;

d. In failing to have the alignment of the switches in the proper position;

e. In failing to have instruments and devices to warn approaching trains that the switching devices were in an improper alignment position;

7. That all of which were the direct and proximate cause of the damages suffered by the Plaintiffs herein.

2

## FOR A THIRD CAUSE OF ACTION
### Trespass

8. That the allegations contained in the first cause and second cause of actions are adopted, merged and incorporated herein.

9. That the Defendant, by having its railroad car boxes and containers land and invade property of the Plaintiffs, they trespassed into the land of the Plaintiffs and therefore did this trespass did result in certain damages of the real property of the Plaintiffs.

10. That the damages suffered by the Plaintiffs were directly and proximately caused by the trespass of the Defendant.

11. That the Plaintiff duly believe that they are entitle t actual and punitive damages a result of this trespass in an amount to be determined by the Court.

**WHEREFORE**, the Plaintiffs pray:

1. That they be granted actual and punitive damages in an amount to be determined by the Court; as to the First Cause of Action;

2. That they be granted actual and punitive damages in an amount to be determined by the Court; as to the Second Cause of Action

3. For the costs of this action;

4. And for such other and further relief as the Court may deem just and appropriate.

3

ALBERT V. SMITH, P.A.

*[signature]*

ALBERT V. SMITH
Attorney for Plaintiff
410 Magnolia Street
P.O. Box 5866
Spartanburg, SC 29304
864)585-8174

September 24, 2007
Spartanburg, South Carolina

4